**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SAFETY HOLDINGS INC. d/b/a SAMBASAFETY, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 24-1224-RGA |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| SENTINEL INFORMATION SYSTEMS LLC d/b/a INFORMDATA RISK SOLUTIONS, INFORMDATA HOLDINGS LLC, INFORMDATA LLC, 305 DEVCO, INC., and EFRAIN LOGREIRA, an individual, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**REQUEST FOR JUDICIAL NOTICE**
**IN SUPPORT OF MOTION TO DISMISS**

Defendants Sentinel Information Systems LLC, InformData Holdings, LLC, and InformData, LLC (collectively, "Defendants") respectfully submit this request for judicial notice pursuant to Fed. R. Evid. 201(b) of three printouts of webpage captures in support of their Motion to Dismiss the Complaint. The printouts are attached as Exhibits 1-3 to the Declaration of Steve Hanle in Support of Defendants' Motion to Dismiss the Complaint (the "Hanle Declaration").

**I.    Argument**

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[A] district court must take judicial notice 'if requested by a party and supplied with the necessary information.'" *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (quoting Fed. R. Evid. 201). "The court may take judicial notice at any stage of the

proceeding[,]" Fed. R. Evid. 201(d), including "in considering a motion to dismiss[,]" *Meyers v. Heffernan*, 740 F. Supp. 2d 637, 640 n.4 (D. Del. 2010); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (at motion to dismiss stage, there are "matters of which a court may take judicial notice") "[T]he consideration of the judicially noticed facts does not convert the motion [to dismiss] into a Rule 56 motion for summary judgment." *Southmark Prime Plus, L.P. v. Falzone*, 776 F. Supp. 888, 892 (D. Del. 1991); *see also M&M Stone Co. v. Pa.*, 388 F. App'x 156, 162 (3d Cir. 2010) (rejecting argument "that the District Court should have converted the motions to dismiss into ones for summary judgment" upon taking judicial notice of documents).

Defendants request judicial notice of three printouts of webpages from the Wayback Machine/Internet Archive.[1] "The Wayback Machine is an online digital archive of web pages. It is run by the Internet Archive, a nonprofit library in San Francisco, California." *Mojave Desert Holdings, LLC v. Crocs, Inc.*, 844 F. App'x 343, 346 n.2 (Fed. Cir. 2021). "The archived data viewable using the WayBack Machine is compiled using software programs known as crawlers, which surf the Web and automatically store copies of web files, preserving these files as they exist at the point of time of capture." *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 717 (N.D. Fla. 2019). The web pages of which Defendants request judicial notice were captured by the crawler programs, and preserved as they existed at the time of capture. Multiple district courts have taken judicial notice of the contents of webpages available through the Wayback Machine "as

---

[1] The three webpages may be found at the following web archive links:
https://web.archive.org/web/20220803080850/https://www.informdata.com/ (Exhibit 1);
https://web.archive.org/web/20230531164836/https://www.informdata.com/continuous-activity-monitoring (Exhibit 2); and
https://web.archive.org/web/20231001054232/https://www.informdata.com/blog/the-secret-to-subscription-cash-flows-for-cras-continuous-activity-monitoring (Exhibit 3).

facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Erickson v. Neb. Mach. Co.*, No. 15-CV-01147-JD, 2015 U.S. Dist. LEXIS 87417, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (comparing "copies of current versions" of websites with versions available on the Wayback Machine to determine "that the websites were substantively identical during the relevant timeframe"); *see also Pohl*, 332 F.R.D. at 716 (collecting cases holding that printouts from the Wayback Machine are subject to judicial notice).

Moreover, the Complaint also includes at least one printout from the Wayback Machine as support for key jurisdictional allegations.  See Comp. ¶ 23.  In fairness, the Court should take judicial notice of Exhibits 1 – 3 for the uncontroverted information provided therein, specifically, that InformData provided its own public records continuous monitoring software solution no later than 2022, two years before any alleged access to Plaintiff's alleged trade secrets.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Steven M. Hanle
Ahmad S. Takouche
STRADLING YOCCA CARLSON & RAUTH
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
(949) 725-4126

Dated: December 23, 2024
11943019 / 24659.00001

By: */s/ Bindu A. Palapura*
    Bindu A. Palapura (#5370)
    Andrew M. Moshos (#6685)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE  19801
    Tel:  (302) 984-6000
    bpalapura@potteranderson.com
    amoshos@potteranderson.com

*Attorneys for Defendants Sentinel Information Systems LLC, InformData Holdings LLC, and InformData LLC*

3