

**Potter Anderson & Corroon LLP**
1313 N. Market Street, 6th Floor
Wilmington, DE  19801-6108
302.984.6000
potteranderson.com

Bindu A. Palapura
Partner
bpalapura@potteranderson.com
D  302.984.6092

December 11, 2025

**VIA ELECTRONIC FILING**

The Honorable Sherry R. Fallon
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801

    Re:    *Safety Holdings Inc. v. Sentinel Information Systems LLC et al*
              C.A. No. 24-1224-RGA

Dear Judge Fallon:

      The InformData Defendants (Sentinel Information Systems LLC, InformData Holdings, LLC, InformData, LLC) respond to Plaintiff's December 8, 2025 notice of supplemental authority (D.I. 33).  The cases Plaintiff cites in its Notice involve allegations that are materially different from those in the Complaint here.  When read in context, those decisions further support *granting* the InformData Defendants' motion to dismiss. (D.I. 23-24, the "Motion").

      In *Montway LLC v. Navi Transp. Servs. LLC*, C.A. No. 25-381, 2025 WL 3151403, *6 (D. Del. Nov. 11, 2025), the complaint alleged that plaintiff's trade secrets included the identity of potential customers and their requests for quotes on automotive shipping services, and further alleged that defendants were <u>using</u> plaintiff's secret customer information.[1]  Specifically, plaintiff alleged that shortly after it provided quotes in response to customer requests, the defendants, including plaintiff's former employees, provided quotes for the very same jobs to the very same customers, and always at a lower price.  *Id*. at *2.  The complaint alleged that the only plausible way for defendants to provide the better quotes for the very same jobs, was for defendants to access plaintiff's trade secrets by colluding with plaintiff's employees (defendants' former co-workers) who had access.  *Id*. at *2, *5-6.  The complaint thus compared specific trade secrets and an actual <u>use</u> by defendants of the very same data, amounting to a "plus factor" that made circumstantial allegations of misappropriation plausible.  *Id.* at *6, citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021).

---

[1] "Misappropriation" of a trade secret requires improper acquisition, disclosure or use. *Id.* at *5, citing 18 U.S.C. § 1839(5).

The Honorable Sherry R. Fallon
December 11, 2025
Page 2

      Here, there are no such comparisons or other "plus factors". The Complaint merely asserts that, like Plaintiff, one InformData Defendant offers a software platform to obtain Motor Vehicle Records (MVR).[2] Thus, unlike the complaint in *Montway*, the Complaint here does not allege that there are specific and unusual similarities between Defendants' software application and Plaintiff's that might support an inference that Defendants are using Plaintiff's alleged trade secrets. D.I. 24 pp. 10-11.

      In *The Imagine Group, LLC v. Biscanti,* C.A. No. 25-1137, 2025 WL 3268486, *3 (D. Del. Nov. 24, 2025), the only misappropriation theory that survived dismissal was based on an allegation that the defendant emailed a consultant's report containing plaintiff's trade secrets to defendant's own personal email address. No similar allegations exist here for the InformData Defendants. Notably, Judge Andrews dismissed the other claims in *The Imagine Group* that essentially relied on an inevitable disclosure theory, reiterating that such a theory is not viable under the DTSA: "Thus, the only trade secret misappropriation validly pleaded in the complaint is that of the consultant's report." *Id.* (citing *Fair Isaac Corp. v. Gurobi Optimization, LLC*, 2025 WL 2636403 at *5-6 (D. Del. Sept. 12, 2025) (granting motion to dismiss where complaint failed to allege actual receipt or use of plaintiff's trade secrets). Here, the Complaint does not allege any acquisition or use by the InformData Defendants, and instead seeks to create an inference of misappropriation through an inevitable disclosure theory or a so-called "abbreviated development timeline." Complaint ¶ 12. But the law does not support an inevitable disclosure theory under the DTSA and the facts do not support an abbreviated development timeline. *See* D.I. 24 pp. 11-13.

      For these reasons, and those set forth in the Motion and Reply, the Court should grant the InformData Defendants' Motion to Dismiss.

Respectfully,

*/s/ Bindu A. Palapura*

Bindu A. Palapura

BAP:rms/12600226/24659.00001

cc:    Counsel of Record (via electronic mail)

---

[2] The Complaint alleges that in 2014, a different defendant improperly acquired a copy of MVR software for which he had sold the rights to Plaintiff. Complaint ¶¶ 100-104. As set forth in the Motion briefing, this defendant's alleged misappropriation in 2014 cannot be attributed to the InformData Defendants because they were not even formed until many years later. D.I. 31 pp. 2-3 (citing cases).