IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMBASAFETY INC. d/b/a SAMBASAFETY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 24-1224-RGA |
| SENTINEL INFORMATION SYSTEMS LLC d/b/a INFORMDATA RISK SOLUTIONS, INFORMDATA HOLDINGS, LLC, INFORMDATA, LLC, 305 DEVCO, INC., and EFRAIN LOGREIRA, an individual, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**REPORT AND RECOMMENDATION**

Presently before the court in this civil action for trade secret misappropriation is the motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendants Sentinel Information Systems LLC ("Sentinel"), InformData Holdings, LLC, and InformData LLC (collectively with Sentinel, "InformData").[1] (D.I. 23)[2] For the following reasons, I recommend that the court DENY the motion to dismiss.

**I.   BACKGROUND**[3]

Plaintiff Safety Holdings Inc. d/b/a SambaSafety ("Plaintiff" or "SambaSafety") brought this civil action under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, *et seq.*, on

---

[1] Defendants 305 Devco, Inc. and Efrain Logreira filed an answer to the complaint on December 20, 2024. (D.I. 18) They have not moved to dismiss the complaint.
[2] The briefing and filings associated with the pending motion to dismiss are found at D.I. 24, D.I. 25, D.I. 26, D.I. 30, D.I. 31, D.I. 33, and D.I. 41.
[3] InformData asks the court to take judicial notice of three printouts of webpage captures from the Wayback Machine. (D.I. 26) Although some courts have taken judicial notice of the contents of webpages available through the Wayback Machine, InformData cites no binding authority requiring this court to do so. At this stage of the proceedings, the court is persuaded by

1

November 5, 2024. (D.I. 1) In the complaint, Plaintiff alleges that it markets software it describes as "driver compliance solutions" that contain its proprietary and confidential trade secrets. (*Id.* at ¶¶ 5, 9-10) One component is a system for collecting and extracting raw information on individual drivers from motor vehicle records ("MVRs") maintained in different formats across various states and jurisdictions and compiling that information into a simplified single report. (*Id.* at ¶¶ 3, 46) The other component is a "continuous monitoring" solution that detects and updates the particular driver's record. (*Id.* at ¶ 47)

Plaintiff developed its driver risk management and compliance solutions through a combination of internal development efforts and the expansion of its MVR business through the acquisition of Softech International, Inc. ("Softech") in October of 2014. (*Id.* at ¶¶ 10, 58) Plaintiff's purchase of Softech from Softech founder Efrain Logreira included the acquisition of source code, object code, executables, and data tables. (*Id.* at ¶¶ 11, 59-64) A number of Softech employees joined Plaintiff as part of the acquisition, and Logreira consulted for Plaintiff through February of 2015. (*Id.* at ¶¶ 68-70)

In 2018, Logreira founded Sentinel. (*Id.* at ¶ 98) He attended an annual conference of the Professional Background Screening Association ("PBSA") in 2019, where he had a conversation with an acquaintance who joined Plaintiff in August of 2022. (*Id.* at ¶¶ 99-100, 106) During the conversation, Logreira told the acquaintance he intended to found a new

---

case authority holding that evidence from the Wayback Machine "is not so reliable and self-explanatory that it may be an appropriate candidate for judicial notice." *Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 584 (5th Cir. 2022) (quoting *My Health, Inc. v. Gen. Elec. Co.*, 2015 WL 9474293, at *4 (W.D. Wis. Dec. 28, 2015)); *see also Ward v. Am. Airlines, Inc.*, 2020 WL 8300505, at *1 (N.D. Tex. Oct. 16, 2020) (explaining that "the organization that maintains waybackmachine.org itself disclaims any guarantee that the results it produces are accurate."). Consequently, the court declines to take judicial notice of the webpage capture printouts.

company offering data aggregation solutions for MVRs, and he disclosed that he still had a copy of the "original software" from Softech. (*Id.* at ¶¶ 102-04)

In June of 2024, InformData Holdings, LLC acquired Sentinel. (*Id.* at ¶¶ 6, 107) In a press release dated August 27, 2024, it was announced that Sentinel would be rebranded as InformData Risk Solutions, which would directly compete with Plaintiff by selling MVR data and developing a driver monitoring solution that was expected to launch in 2025. (*Id.* at ¶ 7) After learning of the acquisition, Logreira's acquaintance recalled their 2019 conversation at the PBSA conference and informed Plaintiff's counsel about that conversation. (*Id.* at ¶ 107)

Logreira began to actively recruit his former colleagues at Softech who worked for Plaintiff. (*Id.* at ¶ 109) These employees had access to Plaintiff's trade secrets. (*Id.* at ¶ 110) The complaint alleges that Defendants are now positioned to offer nationwide MVR products and services faster than if Sentinel had engaged in independent development efforts without the aid of Plaintiff's trade secrets. (*Id.* at ¶¶ 123-24)

## II.   LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In assessing the plausibility of a claim, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

## III. DISCUSSION

InformData moves to dismiss Count I of the complaint for trade secret misappropriation pursuant to the Defend Trade Secrets Act ("DTSA"). (D.I. 24) "To make out a claim under the federal [DTSA], [the plaintiff] must allege (1) a trade secret (2) connected to interstate commerce (3) that defendants misappropriated." *JPMorgan Chase Bank, Nat'l Ass'n v. Argus Info. & Advisory Servs. Inc.*, 765 F. Supp. 3d 367, 374-75 (D. Del. 2025) (citing *Oakwood Labs. LLC v. Thanoo*, 999 F.3d 892, 905 (3d Cir. 2021)). InformData disputes the first and third elements in this case.

### A. Plaintiff Adequately Identifies Its Alleged Trade Secrets.

With respect to the first element, "the information alleged to be a misappropriated trade secret must be identified with enough specificity to place a defendant on notice of the bases for the claim being made against it. But a plaintiff need not spell out the details of the trade secret to avoid dismissal." *Oakwood*, 999 F.3d at 906. Instead, the complaint must identify the trade secret "with sufficient particularity . . . to permit the defendant to ascertain at least the boundaries within which the secret lies." *Id.* (internal citations omitted). Information is a trade secret if (1) its owner has taken reasonable measures to keep it secret and (2) its economic value comes partly from the fact that competitors do not know it. *JPMorgan Chase Bank*, 765 F. Supp. 3d at 375 (citing 18 U.S.C. § 1839(3)). The court must take as true the well-pleaded allegations in the complaint and view them in the light most favorable to Plaintiff. *Twombly*, 550 U.S. at 558. Under this standard, the complaint adequately identifies the purported trade secrets:

| TRADE SECRET | INFORMDATA'S ARGUMENT | RECOMMENDATION |
|---|---|---|
| Application programming interfaces ("APIs") (D.I. 1 at ¶¶ 73(i), 74(v)) | These features go into any software package that interfaces with other data systems. (D.I. 24 at 15) | DENY the motion to dismiss.[4] |

---

[4] Similar allegations regarding software-based trade secrets have been deemed sufficient at the pleading stage. *See You Map, Inc. v. Snap Inc.*, C.A. No. 20-162-CFC-JLH, 2021 WL 3171838, at *3 (D. Del. July 27, 2021) (holding that a pleading identifying three software functionalities, as well as the underlying code, algorithms, and other software used to make the functionalities work, was sufficiently specific). In support of its argument regarding the insufficiency of the trade secret identification, InformData relies on the Third Circuit's decision in *Mallet & Co. Inc. v. Lacayo*, 16 F.4th 364, 387 (3d Cir. 2021), which addressed a motion for preliminary injunction and considered the identification of the trade secrets in the context of whether the plaintiff was likely to succeed on the merits. (D.I. 24 at 15) The standard on a motion for preliminary injunction is more stringent than the one applied to the sufficiency of a pleading under Rule 12(b)(6). *See Autobar Sys. of N.J. v. Berg Liquor Sys., LLC*, 2024 WL 919183, at *5 n.9 (D.N.J. Mar. 4, 2024) ("To establish a likelihood of success on the merits, the moving party is evidently subject to a higher standard than that which must be shown under Rule 12(b)(6)."). Here, Plaintiff has described the subject matter of the trade secrets with sufficient particularity to place InformData on notice of the bases for the claims being made against it. *See The Imagine Grp., LLC v. Biscanti*, C.A. No. 25-11374-RGA, 2025 WL 3268486, at *2 (D. Del. Nov. 24, 2025) ("[A] plaintiff need not spell out the details of the trade secret to avoid dismissal."). The

| | | |
|---|---|---|
| Databases and schema for organizing MVR data (D.I. 1 at ¶¶ 73(ii), 74(vi)) | These features go into any software package that interfaces with other data systems. (D.I. 24 at 15) | DENY the motion to dismiss. |
| Continuous monitoring product, including source code, object code, executables, and SQL tables (D.I. 1 at ¶¶ 73(iii), 74(vii)) | These features go into any software package that interfaces with other data systems. (D.I. 24 at 15) | DENY the motion to dismiss. |
| Documentation for how Softech software worked (D.I. 1 at ¶¶ 73(iv), 74(ix)) | These features go into any software package that interfaces with other data systems. (D.I. 24 at 15) | DENY the motion to dismiss. |
| AVD codes and mappings to correlate and harmonize state-specific MVRs into a single report (D.I. 1 at ¶ 74(viii)) | These features go into any software package that interfaces with other data systems. (D.I. 24 at 15) To the extent that they are more numerous and complex than industry-wide AVD codes, Plaintiff fails to map them to InformData's transactional product. (*Id.*) | DENY the motion to dismiss. |

### B. Plaintiff Adequately Alleges Misappropriation of Its Alleged Trade Secrets.

Misappropriation under the DTSA encompasses "a broad scope of activity." *Oakwood*, 999 F.3d at 908. The Third Circuit has recognized that "improper acquisition, disclosure, or use of a trade secret without consent may each independently establish misappropriation." *Id.* at 908 n.16 (citing 18 U.S.C. § 1839(5)). Here, Plaintiff alleges two of the three forms of misappropriation: improper acquisition and improper use. At this stage of the proceedings, the court assesses whether Plaintiff "provided allegations of misappropriation sufficient to raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true." *Id.* at 913 (internal quotation marks and citations omitted).

---

complaint also plausibly alleges that the purported trade secrets, which include source code and database schema, are protected and not publicly available. (D.I. 1 at ¶¶ 57, 77-93)

6

### 1. InformData's Alleged Wrongful Acquisition of Plaintiff's Trade Secrets

The complaint plausibly alleges improper acquisition of Plaintiff's trade secrets by InformData. An improper acquisition occurs when a trade secret is acquired "by a person who knows or has reason to know that the trade secret was acquired by improper means." 18 U.S.C. § 1839(5)(A). The DTSA defines "improper means" as the "breach of a duty to maintain secrecy." *Id.* at § 1839(6)(A). A common example is when a defendant agrees to abide by a confidentiality agreement but copies or retains trade secret information in violation of the agreement. *See The Imagine Grp., LLC v. Biscanti*, C.A. No. 25-1137-RGA, 2025 WL 3268486, at *3 (D. Del. Nov. 24, 2025) (quoting *Legend Biotech USA Inc. v. Liu*, 2024 WL 919082, at *6 (D.N.J. Mar. 4, 2024));[5] *Am. Int'l Grp., Inc. v. Dell Wood Ins. Grp., LLC*, 2025 WL 937745, at *8 (D.N.J. Mar. 28, 2025).

InformData contends that the complaint only alleges wrongful acquisition by Logreira. (D.I. 24 at 7-8) Under the statute, however, it is enough for Plaintiff to plausibly allege that InformData knew or had reason to know that Logreira acquired the trade secrets by improper means after agreeing to maintain the confidentiality of the trade secrets. *See* 18 U.S.C. § 1839(5)(A) (defining "misappropriation" as "acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means"). Here, the complaint plausibly alleges that Logreira sold the trade secrets to Plaintiff when he was associated with Softech, agreeing that his own interests in the trade secrets were extinguished by

---

[5] Plaintiff submitted *The Imagine Group, LLC v. Biscanti* to the court in its notice of subsequent authorities, along with *Montway LLC v. Navi Transportation Services LLC*, C.A. No. 25-381-SB, 2025 WL 3151403 (D. Del. Nov. 11, 2025). (D.I. 33, Exs. 1-2) Although *Montway* broadly supports the outcome in this case, the discrete considerations in *Montway* (such as website traffic statistics, internet search results, negative internet reviews, and the defendant's unsolicited bids to the plaintiff's prospective customers) are not present here. *Montway*, 2025 WL 3151403, at *6.

7

the sale. (D.I. 1 at ¶¶ 58-66) But Logreira retained the original software and later developed products for InformData by misappropriating Plaintiff's trade secrets, and InformData knew Logreira's actions were unauthorized. (*Id.* at ¶¶ 11, 120-22, 136) These allegations support a reasonable inference on a motion to dismiss that InformData improperly acquired the trade secrets. *See Nasdaq Inc. v. Miami Int'l Holdings, Inc.*, 2023 WL 4740753, at *11 (D.N.J. July 25, 2023) (finding improper acquisition allegations plausible where the complaint alleged former employees improperly obtained trade secrets and disclosed them to Defendants); *see also Imagine Grp.*, 2025 WL 3268486, at *3 (finding plausible allegations of improper acquisition based on an individual defendant's alleged theft of the trade secrets, which he brought with him to the corporate defendant).

### 2. InformData's Alleged Use of Plaintiff's Trade Secrets

The complaint also plausibly alleges the improper use of Plaintiff's trade secrets by InformData. To plead misappropriation by improper use, the plaintiff must allege "exploitation of the trade secret that is likely to result in injury to the trade secret owner or enrichment to the defendant." *Oakwood*, 999 F.3d at 909. "The 'use' of a trade secret encompasses all the ways one can take advantage of trade secret information to obtain an economic benefit, competitive advantage, or other commercial value, or to accomplish a similar exploitative purpose, such as assist[ing] or accelerat[ing] research or development." *Id.* at 910 (internal citations and quotation marks omitted). It also includes "marketing goods that embody the trade secret [and] employing the trade secret in manufacturing or production[.]" *Id.* at 909 (quoting *Gen. Univ. Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 450-51 (5th Cir. 2007)).

InformData contends that the complaint sets forth only conclusory averments while failing to allege that any specific features of the trade secrets were incorporated into

InformData's existing or future MVR products. (D.I. 24 at 10-14) But the complaint plausibly alleges that InformData markets driver compliance solutions that embody Plaintiff's trade secret material and directly compete with Plaintiff's products. (D.I. 1 at ¶¶ 102-04, 134, 137) The pleading also plausibly avers that InformData has used Plaintiff's trade secret information to accelerate its development of planned product offerings. (D.I. 1 at ¶¶ 10-11, 75-76, 109-10, 122-24); *see Oakwood*, 999 F.3d at 912 (accepting circumstantial evidence of an abbreviated product development timeline at the pleading stage). Viewing these allegations in the light most favorable to Plaintiff, it is reasonable to infer that InformData improperly used Plaintiff's trade secrets. *See id.* at 913 ("We do not require a trade secret plaintiff to allege that its trade secret information was the only source by which a defendant might develop its product[,]" so long as the pleaded allegations are plausible).

### C. Wrongful Conduct by InformData LLC and InformData Holdings LLC

InformData contends that the complaint should be dismissed "absent an offer of proof suggesting misappropriation" by InformData LLC and InformData Holdings LLC. (D.I. 24 at 16) InformData cites no authority for its position that proof of misappropriation is required on a motion to dismiss. Contrary to InformData's argument, the complaint describes the role of InformData LLC and InformData Holdings LLC in acquiring Sentinel, and the allegations about "InformData" throughout the complaint include InformData LLC and InformData Holdings LLC. (D.I. 1 at 1 n.1; ¶¶ 5-6, 9, 107)

### IV.    CONCLUSION

For the foregoing reasons, I recommend that the court DENY InformData's motion to dismiss the complaint. (D.I. 23)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(l)(B), Fed. R. Civ. P. 72(b)(l), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: December 16, 2025

Sherry R. Fallon
United States Magistrate Judge