IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAFETY HOLDINGS INC., <br><br> Plaintiff, <br><br> v. <br><br> SENTINEL INFORMATION SYSTEMS LLC, INFORMDATA HOLDINGS, LLC, INFORMDATA, LLC, 305 DEVCO, INC., and EFRAIN LOGREIRA, <br><br> Defendants. | Civil Action No. 24-1224-RGA |

MEMORANDUM ORDER

Plaintiff filed a complaint against five parties for one count of misappropriation of trade secrets. (D.I. 1). Three related parties (generally referred to as "InformData" (D.I. 1 at 1 n.1; *see* D.I. 24 at 1 n.1)) filed a motion to dismiss for failure to state a claim. I referred the motion to a Magistrate Judge, who recommended that the motion be denied. (D.I. 43). InformData objected, to which Plaintiff responded. (D.I. 46; D.I. 49). I now review those objections de novo.

The first objection is to group pleading. (D.I. 46). It is Defendants' lead argument, and they devote three paragraphs to the objection and cite four cases in support. (*Id*. at 2-4). In the opening brief in support of the motion to dismiss, Defendants spent three and one-half pages summarizing their argument without mentioning the group-pleading argument (D.I. 24 at 1-4), devoted four sentences to the argument at the end of the brief (*id*. at 16), cited no cases, and the last of the four sentences was, at best, confusing. Thus, whatever the merits of this argument, I do not think it was preserved by Defendants' shambolic briefing before the Magistrate Judge.

The other two objections are preserved.

The first objection is that the Complaint does not plausibly allege that Sentinel (that is, one of the three InformData Defendants) wrongfully acquired Plaintiff's trade secrets. I think the Complaint does. It alleges that Mr. Logreira improperly took them in 2014, used them in connection with Sentinel, a company he started in 2018, and which became part of the InformData family in 2024. The Complaint alleges that Mr. Logreira is as of November 2024 an "executive or acting manager" of Sentinel. (D.I. at 7). The objection makes the argument that Mr. Logreira's illegal activity cannot be imputed to 2024 Sentinel, but I think that it can. A company only acts through people. If nothing else, Mr. Logreira's employment with Sentinel makes him an agent of Sentinel and makes the allegation of improper acquisition by Sentinel plausible.

The second objection is that the Complaint does not plausibly allege that Sentinel has used Plaintiff's trade secrets. "[T]he complaint plausibly alleges that InformData markets driver compliance solutions that embody Plaintiff's trade secret material and directly compete with Plaintiff's products. The pleading also plausibly avers that InformData has used Plaintiff's trade secret information to accelerate its development of planned product offerings." (D.I. 43 at 9 (citations omitted)). I agree with the Magistrate Judge's conclusion. I disagree with Defendants that this conclusion rests upon a theory of "inevitable disclosure."

The Magistrate Judge's Report and Recommendation (D.I. 43) is ADOPTED. The motion to dismiss (D.I. 23) is DENIED.

IT IS SO ORDERED this 3rd day of February 2026.

    /s/ Richard G. Andrews
    United States District Judge